Wyly, J.
The plaintiffs, who were judgment creditors of Philip Quitman, seized upon a lot of .ground and improvements thereon in the town of Clinton, and it was sold for $800 to the defendant, Isaac Starn, the purchaser retaining the price to pay two prior mortgages bearing on the property.
The plaintiffs complain that one of these mortgages, to wit: the one in favor of the defendant, Nathan Starn, for $600, was simulated and fraudulent, and that it is repugnant to article 3306 of the Revised Code, and invalid because being a conventional mortgage, the act establishing it does not state precisely the nature and situation of the immovable mortgaged. They therefore bring suit to have said mortgage declared invalid and to compel the purchaser to pay over this portion of the proceeds of the sale retained by him.
The charge of simulation and fraud is not proved. The controversy is confined to the allegation that the nature and situation of the thing mortgaged are not precisely stated in the act granting the mortgage. That instrument is an act under private signature, and was recorded in the parish of East Feliciana on the seventh of August, 1873. The thing mortgaged is thus described: “All the property herein described, consisting of one house and lot, with other improvements thereon; also the half interest in the store building adjoining, with all right and title and interest of.the said Philip Quitman, party of the first part.” The act mentions the nature of the immovable hypothecated, but it does not precisely state its situation, as required by article 3306 of the Revised Code. Indeed, it makes no mention whatever of the situation of the lot. Neither the State, parish, nor town where it lies is mentioned.
Here is a total want of description of the situation of the thing mortgaged, and we are constrained to hold that the act is invalid.
The cases of Consolidated Association of Planters v. Mason, 24 An. 518, City National Bank v. Barrow 21 An. 396; Ellis v. Sims, 2 An. 253 and Baker v. Bank of Louisiana, 2 An. 371, cited by defendants, all differ from the case at bar in that in those cases there was some description of the property, and sufficient, as the court held, to prevent personé dealing with the mortgagers therein from being misled or *283 prejudiced. But here the situation of the thing is not suggested at all.
It is therefore ordered that the judgment herein, maintaining the validity of the mortgage in question, be annulled; and it is decreed that the mortgage granted by Philip Quitman to Nathan Starn, described in the petition, ■ is null and void, and the defendant, Isaac Starn, is required and commanded to pay over to plaintiffs that part of the purchase price retained by him to pay said mortgage.
It is further ordered that defendants pay costs of both courts.